UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH ROESCH,

                Plaintiff,

    v.                                                      9:22-cv-1365
                                                                 (ECC/DJS)

DR. CYNTHIA PROVOW, et al.,

                Defendants.
_____

**Hon. Elizabeth C. Coombe, United States District Judge**[1]

**MEMORANDUM-DECISION & ORDER**

      Pro se Plaintiff Joseph Roesch filed this civil rights action alleging violations of his constitutional rights relating to his involuntary medication at the Oakview Treatment Center of the Central New York Psychiatric Center (CNYPC) where he is a civil detainee. Amended Complaint, Dkt. No. 21.

      Defendant Alyssa Luley, CNYPC's Director of Risk Management, filed a motion to dismiss the claims against her arguing that Plaintiff failed to state a claim or, in the alternative, that she is entitled to qualified immunity. Dkt. No. 58. The motion was referred to U.S. Magistrate Judge Daniel J. Stewart who issued a Report-Recommendation, recommending that Defendant Luley's motion be denied. Dkt. No. 84. Defendant Luley filed objections to the Report-Recommendation, described as an appeal, but properly referring to objections and the standard of

---

[1] This case was reassigned to the undersigned from Senior United States District Judge Thomas J. McAvoy.

review in the filing itself. Dkt. No. 86. For the reasons set forth below, the Court adopts the Report-Recommendation and denies Defendant Luley's motion to dismiss.

## I. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## II. DISCUSSION

Judge Stewart liberally construed Plaintiff's Amended Complaint to allege that Defendant Luley interfered with the appeal process by not forwarding Plaintiff's appeal of his care and treatment to the Commissioner of the Office of Mental Health (Commissioner), "attempted to hide the facts of [the] investigation," and "acted to hide facts by refusing to turn over documentation." Dkt. No. 12 at 4 (citing AC ¶¶ 45, 50, 51-54). Judge Stewart recommended denying Defendant Luley's motion to dismiss. Regarding her argument that she had no personal involvement based on the state regulations regarding the appeal process, he concluded that Plaintiff's specific

allegation that Luley involved herself in the appeal process precluded dismissal. *Id.* at 5. Regarding her argument that she would be entitled to qualified immunity because there is no clearly established law regarding the regulatory appeal process or redaction of an investigative report, Judge Stewart found that Luley had not established the defense of qualified immunity at this stage of the litigation given Plaintiff's allegations that Luley both interfered with the processing of the appeal and falsified and hid relevant records. *Id.* at 6.

Defendant Luley raises four objections to the Report-Recommendation which the Court reviews de novo. First, she argues that Judge Stewart "erred by disregarding [her] citation to" state regulations requiring the Director of the Facility to transmit an appeal. Dkt. No. 85 at 2. In addition, she takes the position that the Court is not required to accept as true the allegation that Luley "did not forward plaintiff's appeal to the commissioner," because it is contradicted by the judicially noticeable fact in the state regulations that the Director of the Facility "shall forthwith transmit" the appeal. *Id.* at 3.

Although this argument may be persuasive at a later stage of the litigation, on this motion to dismiss the Court must accept as true all of the allegations in the Amended Complaint and give Plaintiff the benefit of every reasonable inference that can be drawn from its well-pleaded allegations. The Amended Complaint specifically alleges that Luley "did not forward plaintiff's appeal to the commissioner." AC ¶ 45. At this early stage of the litigation, the regulations requiring the Director to transmit the appeal cannot defeat this allegation. For example, Plaintiff may support his allegation with facts establishing that Luley involved herself in the appeal process despite the regulations. Indeed, Plaintiff's Response to the Motion to Dismiss suggests that Plaintiff may be able to establish facts supporting this allegation. *See* Dkt. No. 62 at 1-2

(explaining that Plaintiff sent his appeal to the Director, and Luley, not the Director, intercepted it and responded).

Second, Luley argues that Judge Stewart "erroneously relied on assertions drawn from Plaintiff's memorandum of law—rather than the amended complaint itself—to conclude that [she] 'actively interfered with the processing of that appeal.'" Dkt. 85 at 3 (quoting Dkt. No. 84 at 6) (emphasis removed). Judge Stewart concluded that Plaintiff specifically alleges that Luley involved herself in the appeal process citing to (1) the allegation in the Amended Complaint that Luley "did not forward plaintiff's appeal to the commissioner," and (2) Plaintiff's Response to the Motion to Dismiss. As explained above, the specific allegation that Luley "did not forward plaintiff's appeal to the commissioner," is a sufficient basis to deny the motion to dismiss to the extent it relies on a lack of personal involvement. It is therefore unnecessary for the Court to address this objection. The Court notes, however, that Plaintiff's Response articulates ways that Plaintiff may be able to prove this allegation during the litigation.

Finally, Luley argues that Judge Stewart defined the clearly established law "at too high a level of generality" and that he did not identify any specific binding precedent clearly establishing that Luley's alleged conduct of "failing to forward an appeal and redacting an investigative report in her role as Director of Risk Management" was unlawful. Dkt. No. 85 at 4-5. As Judge Stewart explained, motions to dismiss asserting qualified immunity normally fail at this stage of the litigation because the "facts supporting the qualified immunity defense must appear on the face of the complaint." Dkt. No. 84 at 5-6 (quoting *Pourkavoos v. Town of Avon*, 823 F. App'x 53, 59 (2d Cir. 2020) (internal quotations and alterations omitted)). Accepting as true the allegations that Luley did not forward the appeal and that she falsified or hid relevant departmental records, there are insufficient facts to conclude that she is entitled to qualified immunity. AC ¶¶ 50-52. During

4

the litigation, Luley may establish that the factual allegations are untrue or that she acted reasonably under the circumstances, but the qualified immunity defense does "not appear on the face" of the Amended Complaint, and Luley's motion is therefore denied.

The Court reviews the remainder of the Report-Recommendation for clear error and having found none, adopts the remainder of the Report-Recommendation in its entirety.

### III.  Conclusion

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, Dkt. No. 84, is **ADOPTED**; and it is further

**ORDERED** that Defendant Luley's motion to dismiss, Dkt. No. 58 is **DENIED**. As such, the Court will overrule Defendant's objections and adopt the Report-Recommendation for the reasons stated therein.

**IT IS SO ORDERED**.

Dated: December 1, 2025

Elizabeth C. Coombe
U.S. District Judge