UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH ROESCH,

                              Plaintiff,

                                                          9:22-CV-1365
            v.                                            (ECC/DJS)

DR. CYNTHIA PROVOW, *et al.*,

                              Defendants.
_____

APPEARANCES:                                OF COUNSEL:

JOSEPH ROESCH
Plaintiff, pro se
CNY PC
PO Box 300
Marcy, New York 13403

SMITH, SOVIK, KENDRICK & SUGNET, P.C.        KAREN G. FELTER, ESQ.
Attorneys for Dr. Provow
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252

OFFICE OF FRANK POLICELLI                    FRANK POLICELLI, ESQ.
Attorney for Defendants Zhushma and Bumbolo
10 Steuben Park
Utica, New York 13501

HANCOCK ESTABROOK, LLP                       MARY L. D'AGOSTINO, ESQ.
Attorneys for Defendant Luley
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

DANIEL J. STEWART
United States Magistrate Judge

- 1 -

**DECISION AND ORDER**

Plaintiff has filed a Motion to Compel Discovery from Defendant Luley, seeking responses to seven specific requests. Dkt. No. 100. The Motion is opposed. Dkt. Nos. 101 & 103. Plaintiff filed a Reply. Dkt. No. 108. The Motion is denied.

> The touchstone of the scope of discovery is relevance; discovery sought must in the first instance be relevant to a party's claim or defense. Rule 26 now defines the scope of discovery to consist of information that is relevant to a claim or defense of the parties and that is proportional to the needs of the case.

*Twin Bridges Waste & Recycling, LLC v. Cnty. Waste & Recycling Serv., Inc.*, 2022 WL 5240584, at *2 (N.D.N.Y. Oct. 6, 2022) (internal quotations and citations omitted). With this standard in mind, the Court considers each of Plaintiff's requests.

First, Plaintiff seeks minutes from an incident review committee meeting held regarding a February 2022 incident in which Plaintiff was involved and the names of the people that served on that committee. Dkt. No. 100 at pp. 1-2. Defendant asserts certain privilege defenses to production of this material, while also asserting that the matter is cumulative of information that Plaintiff has already reviewed. Dkt. No. 103. The Court has reviewed the material *in camera* and concludes for the reasons outlined by Defendant Luley that it is largely duplicative of the Special Investigation Final Report that was previously provided to Plaintiff for his review. This information, therefore, need not be produced at this time.

Second, Plaintiff seeks written documentation from Bud Ballinger and Dr. Syed Rizvi regarding the incident underlying this claim. Dkt. No. 100 at p. 2. Defendant Luley responds that she is not in possession of such documents, though they may be in the

custody of other individuals.  The Court cannot compel production of that which a party does not have.  These requests, therefore, are denied.

Third, Plaintiff seeks documents in the OMH Form 101 series as well as related emails.  Dkt. No. 100 at pp. 2-3.  Defendant Luley objects that this is repetitive of a prior request that was responded to.  Dkt. No. 101 at p. 3.  Plaintiff admits to having requested the material before but contends that there must be more documents than have been provided.  Dkt. No. 108 at p. 2.  This conclusory assertion is not supported by any specific evidence and is insufficient to compel a further response from Luley.

Next, Plaintiff seeks to have Luley identify her prior position at CNYPC or STARC-Oakview.  Dkt. No. 100 at pp. 3-4.  Plaintiff has failed to articulate a proportionally relevant reason for this request.  He contends that she could have used her prior position "to cover for other employees because she is friends with these co-workers," Dkt. No. 108 at p. 2, but such a conclusory claim does not make Luley's prior title relevant.  To the extent that he is in a position to make that argument based on actual facts, the Court fails to see how the title itself matters.

Lastly, Plaintiff seeks "[a]ll e-mails and letters between STARC Administration, Risk Management and OMH Central Office in relation to" him and the February 2022 incident.  Dkt. No. 100 at p. 4.  Such a request for all documents regarding an incident is plainly overbroad and production need not be ordered.  *See*, *e.g.*, *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (collecting cases finding that requests for "all documents" are overbroad, and finding such a request to be impermissible).

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 100) is **DENIED;** and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated:   July 23, 2026
         Albany, New York

_____

Daniel J. Stewart
U.S. Magistrate Judge